JOSEPH LYNCH, JR., appellant, v. MARGARET LYNCH, appellee.

No. 49615.

(Reported in 94 N.W.2d 105)

408

JANUARY 13, 1959.

Daniel D. Sanderson, of Estherville, for appellant.

McMahon & Cassell, of Algona, for appellee.

LARSON, J.—The sole question before us in this appeal is whether plaintiff may maintain this declaratory action when, by a former declaratory judgment involving the same parties and the same premises, the defendant was determined to be the one entitled to possession. In other words, was the former adjudication res judicata, and did it estop plaintiff from prosecuting this action?

The facts are simple and undisputed. On February 21, 1957, the defendant-appellee, Margaret Lynch, owner of certain farm lands in Kossuth County, Iowa, leased the same to the plaintiff-appellant, Joseph Lynch, Jr., for a term commencing March 1, 1957, and ending March 1, 1958. Being dissatisfied with the arrangement, the landlord on August 8, 1957, caused to be served upon the tenant a notice of termination of farm tenancy and demanded possession of the property as of March 1, 1958.

On September 30, 1957, she filed a petition in equity, identified in the record as Cause No. 18395, whereby she sought an injunction to prevent the tenant, Joseph Lynch, Jr., from interfering in any way with her efforts to prepare for the next year's crop, and also to recover certain cash rental then due her under the written lease. A temporary injunction was issued as prayed. Counsel appeared for the defendant and filed certain motions. However, subsequent to the filing of amendments, no answer was filed and default was entered against the tenant, Joseph Lynch, Jr. On March 10, 1958, judgment was rendered

making the injunction permanent. It also awarded Margaret Lynch the sum of $2179.86 for cash rental and for costs. No appeal was taken in this matter.

On November 22, 1957, Margaret Lynch filed another petition seeking a declaratory judgment against the tenant, Joseph Lynch, Jr., being referred to in this record as Cause No. 18422. Therein she alleged that defendant's right to possession of the premises involved expired March 1, 1958, and that she had reason to believe that he did not intend to vacate the premises, but was going to hold over after the termination of their lease. Her petition further alleged "that unless determination of the status of the parties is made" by the court, and "an adjudication entered herein as a guide for the future conduct of the plaintiff," she would suffer irreparable loss and damage. An appearance was entered for the defendant, Joseph Lynch, Jr., but when no pleading was filed within the time provided by rule 85, R. C. P., he was found in default, and judgment was entered decreeing that the plaintiff, Margaret Lynch, was entitled to possession of the premises as of and subsequent to March 1, 1958. A writ of possession was issued and served on Joseph Lynch, Jr., on March 1, 1958. There has been no attempt to set aside this judgment nor has it been appealed.

On March 10, 1958, Joseph Lynch, Jr., the plaintiff-appellant herein, filed his petition for a declaratory judgment against the defendant-appellee in which he alleged the existence of a crop share lease between him and Margaret Lynch dated October 14, 1957, concerning at least part of the same farm land involved in the previous actions. It was alleged this lease ran from March 1, 1958, to March 1, 1962. In paragraph 3 thereof, plaintiff stated: "That doubts have arisen as to the rights of the parties under said lease, defendant denying plaintiff's right to occupancy and possession thereunder and plaintiff claiming the right thereto and by reason thereof an actual controversy has arisen."

On the 25th of March, 1958, the defendant-appellee filed a motion for adjudication of law points raised by her answer, which, in addition to denying appellant's allegations, affirmatively alleged: "(1) That plaintiff was barred from maintaining his action by prior judgments. * * * (3) That plaintiff was es-

topped from maintaining his action by prior judgment." Two other grounds were stated which we find unnecessary to discuss in disposing of this appeal.

The trial court held that the appellant was precluded from maintaining the present action, stating: "It is the court's conclusion that this is a cause in which both estoppel by judgment and the doctrine of res judicata are applicable." It then dismissed plaintiff's petition with prejudice, and he appeals.

I. It has often been said that a plea of res judicata is nothing more than a plea of estoppel. Nevertheless, many authorities and law review articles appear to classify the court's refusal to relitigate related matters into three main types of estoppel. They are generally classified as res judicata, collateral estoppel, and compulsory counterclaim doctrines.

Appellant's principal argument and authorities upon which he relies refer to the second group, or the doctrine of collateral estoppel. He reasons that it does not apply here, and we are inclined to agree with him but not for the reason he advanced. He contends it is not applicable because Cause No. 18422 and this action are predicated upon different leases—different contractual agreements between the same parties—and were thus separate causes of action. He maintains the first cause was to terminate an existing lease and to regain possession of the farm land under it by the landlord, and that the present cause was to compel the lessor-landlord to deliver possession of the farm land to lessee, a right which did not accrue until March 1, 1958.

We cannot agree that, under such facts, collateral estoppel is the only applicable doctrine or that the causes of action were different under the broad rule we have recognized as res judicata or estoppel by judgment. The cases cited by appellant, of Commissioner of Internal Revenue v. Sunnen, 333 U. S. 591, 68 S. Ct. 715, 92 L. Ed. 898, 161 F.2d 171, and Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195, appear to apply the collateral estoppel rule and are not here applicable.

We do not wish to be understood to have any quarrel with that rule properly applied. If there had been a trial in Cause No. 18422 instead of a default, we think the vital issue determined and established would have been, who was entitled under the evidence to possession of the farm lands on and subsequent

to March 1, 1958? That determination would then have been effective to preclude a second adjudication of that vital issue under the doctrine of collateral estoppel.

■ Collateral estoppel is usually not available in default cases. We recognized this distinction and referred to the collateral estoppel doctrine in Matson v. Poncin, 152 Iowa 569, 572, 132 N.W. 970, 971, 38 L. R. A., N. S., 1020, where we said: "* * * it must appear that the particular matter was considered and passed on in the former suit, or the adjudication will not operate as a bar to a subsequent action."

Here there was a default in Cause No. 18422 instead of a trial on the merits, and so further consideration of the collateral estoppel rule will not be especially helpful.

■ II. We do not agree with the appellant that no common issue was involved or decided in the first declaratory action between these parties. The doctrine of res judicata is usually understood as the rule which bars a second suit on one cause of action. 30 Am. Jur., section 161, page 908 (now section 324 of 30A Am. Jur.). In a broad sense the judgment in the first declaratory action which established a status and relation between these parties as to this land March 1, 1958, is res judicata. Under that concept of this rule the term "cause of action" is broad enough to permit the determination of the vital question in one judgment, and that determination inheres in it. In other words, the real cause of action in both cases was the plaintiff's claim to the right of possession at a given time. Only the evidence to support that claim differed in the cases, each being based on different written contracts or leases existent at the time of the first proceeding.

■ However, perhaps a better and more flexible application of this doctrine is to hold that there is a waiver or actual estoppel when one fails to defend where the same vital issue is involved and which determination must inhere in the judgment when rendered.

■ The term "res judicata", we have said, usually refers to (1) the effect of a judgment as a bar to the prosecution of a second action upon the same claim, demand or cause of action, or (2) its effect to preclude the litigation of particular facts or issues in another action between the same parties on a different

claim or cause of action. The second is also often referred to as estoppel by judgment or collateral estoppel. State v. Boland, 241 Iowa 770, 775, 41 N.W.2d 727, and citations.

■■ If the common issue to this cause of action and Cause No. 18422 was the right to possession of the land on and after March 1, 1958, and we think it was, there can be little doubt that the former judgment, even though by default, is conclusive, and, as such, estops plaintiff-appellant in this action. The learned trial court said: "In Cause No. 18422 the sole issue between the parties was 'who is entitled to the possession of the premises on and after March 1, 1958?' That is the sole issue in the instant case." We agree.

Under this record we need not be too interested in the technical distinction sometimes made between the terms "res judicata" and "estoppel by judgment." 50 C. J. S., Judgments, section 593, page 13; 30 Am. Jur., Judgments, section 167, page 912 (section 328 of 30A Am. Jur.). If the plaintiff is barred, estopped or precluded from relitigating the question of his right to possession of this real estate on and after March 1, 1958, it can make little difference to him by what name the lethal doctrine is called. Hawley v. Davenport, R. I. & N. W. Ry., 242 Iowa 17, 22, 45 N.W.2d 513, 514.

We are satisfied the same claim or demand appears in both declaratory actions. That claim was clearly stated in appellee's petition in Cause No. 18422 and, when appellant failed to answer and set up his defense of a second lease, although entering an appearance to the action, he waived his right thereafter to again assert that claimed right. It may well be argued that the matters are so closely related to each other that under the broad sense only one cause of action existed, but at present we are content to hold only that the claim to possession being the same in each declaratory action, any defense appellant had in Cause No. 18422 must have been asserted. Having failed to plead and prove that claim, he waived the right to relitigate the issue or claim and is barred or estopped under the doctrine of res judicata.

Appellant was duly served in the first action. His claim to possession on March 1, 1958, was obviously in jeopardy. Rules 103 and 104, R. C. P., made it incumbent upon him to assert

414

and establish all defenses that he had or wished to rely upon. We think this was true even before enactment of the compulsory counterclaim provisions of the Code. Rule 29, R. C. P.; Bagley v. Bates, 223 Iowa 836, 844, 273 N.W. 924; Hahn v. Miller, 68 Iowa 745, 28 N.W. 51; Reining v. Nevison, 203 Iowa 995, 999, 213 N.W. 609; rule 261, Iowa Rules of Civil Procedure.

The appellant erroneously contends that his rights arising under the October 1957 lease were not involved in the declaratory action brought by appellee in November 1957. The alleged lease was in existence and its terms were known to him. Either by neglect, ignorance or design he failed to assert his claim therein, and by the great weight of authority he has waived this defense or right and cannot again have it adjudicated. Although it is often said that the doctrine of res judicata must be construed with strictness, yet it is also important to avoid confusion and a multiplicity of litigation that would result if such adjudications were not considered final in the first action between the parties. 30 Am. Jur., Judgments, section 161 (324 of 30A Am. Jur.) ; section 162 (now sections 325, 336, 337 of 30A Am. Jur.). We have always recognized that the underlying principle of the doctrine of res judicata or estoppel is that there should be an end to litigation, and one who has had an opportunity for a full hearing on a vital issue should not be permitted to relitigate that same issue again. Hodge v. Shaw, 85 Iowa 137, 52 N.W. 8, 39 Am. St. Rep. 290, and cases cited; Snouffer & Ford v. City of Tipton, 150 Iowa 73, 86, 129 N.W. 345, Ann. Cas. 1912D 414; Hawley v. Davenport, R. I. & N. W. Ry., supra.

III. Further support for our conclusion is found in the Restatement of the Law of Judgments, section 77, at page 342. It is there stated: "Where an action is brought to obtain a declaration of the rights or other legal relations of the parties to the action, whether or not further relief is or could be prayed, a final and valid judgment declaring such rights or other relations is binding between the parties in subsequent actions." Under comment (b) it is said: "The effect of a declaratory judgment in subsequent controversies between the parties depends upon the scope of the declaration of rights made by the judgment. *As to matters declared by the judgment, the parties are*

*precluded from relitigating them; * * *.* Where a plaintiff seeks a declaratory judgment, he is not seeking to enforce a claim against the defendant. He is seeking rather a judicial declaration as to the existence and effect of a relation between him and the defendant. The effect of the judgment, therefore, unlike a judgment for the payment of money, is not to merge a cause of action in the judgment or to bar it. *The effect of a declaratory judgment is rather to make res judicata the matters declared by the judgment,* thus precluding the parties to the litigation from relitigating these matters." (Emphasis supplied.) Also see Borchard, Declaratory Judgments, Second Ed., pages 422, 423.

■ IV. Furthermore, as a general rule the fact a judgment is rendered by default does not prevent it from operating as a basis for the application of the doctrine of res judicata. 30A Am. Jur., Judgments, section 226, page 297. It is there stated: "When properly rendered, such a judgment has been regarded as conclusive and binding between the parties and privies as to matters properly alleged in the complaint or petition in the former proceeding and necessarily involved and passed upon." Appellant here was duly served with notice and was aware of the contentions in appellee's petition, Cause No. 18422. Having entered an appearance, he failed to plead or deny the claim of appellee. The judgment of the court, which decreed that appellee was entitled to possession, was clear and conclusive. No more was needed for a final adjudication sans a showing of fraud or collusion or an appeal. 30 Am. Jur., section 161, page 908 (section 324 of 30A Am. Jur.). None appeared.

■ V. While it was not argued to us, we think this was such a case as may well be covered by rule 29, R. C. P., which provides: "A pleading must contain a counterclaim for every cause of action then matured, and not the subject of a pending action, held by the pleader against any opposing party and arising out of the transaction or occurrence that is the basis of such opposing party's claim, * * *. A final judgment on the merits shall bar such a counterclaim, although not pleaded." As to its applicability to matters of this kind, see the article appearing in 39 Iowa Law Review, pages 255 to 299. While this rule is established by a legislative-approved Rule of Civil Procedure

and is binding because the civil procedure rule says it is, yet we think the law of compulsory counterclaim based on waiver or actual estoppel would suffice here to defeat appellant's attempt to relitigate the question of who was entitled to possession on March 1, 1958. He should have advanced his cause in the former case, No. 18422.

We are, therefore, satisfied that under the facts of this case the appellant was estopped from challenging the status once established between these parties as of the date in question, and that appellant is barred in his effort to again litigate the question in the courts. The trial court was, therefore, correct in dismissing appellant's petition.

Other issues were raised, but in view of our holding above need not be further considered.—Affirmed.

All JUSTICES concur except THORNTON, J., who takes no part.