Vernon J. LUNDELL, Plaintiff,

v.

MASSEY–FERGUSON SERVICES N.V.,
a Netherlands Antilles Corporation,
Defendant.

Civ. No. 66–C–3027–W.

United States District Court
N. D. Iowa, W. D.

Dec. 15, 1967.

Herrick, Ary & Cook, Cherokee, Iowa; C. R. McKinley, Whittemore, Hulbert & Belknap, Detroit, Mich., for plaintiff.

Corbett & Corbett, Sioux City, Iowa; Brian D. Forrow, Ross Sandler, Cahill, Gordon, Sonnett, Reindel & Ohl, New York City, for defendants.

## ORDER

McMANUS, Chief Judge.

This matter is before the court on defendant's Motion to Dismiss or in the Alternative to Stay Action Pending Arbitration, filed January 16, 1967, and plaintiff's resistance thereto.

In this removed action plaintiff seeks to recover the sum of $375,000.00, allegedly being the balance due under a written installment contract wherein plaintiff sold and assigned to defendant all of his present and future interest in certain inventions of and patent rights to hay and forage wafering machines. Defendant has paid the installments due in 1962 and 1963 but has refused to pay those due in 1964 and 1965. Article 9 of the contract provides for arbitration of disputes.

Plaintiff is a resident and citizen of Cherokee County, Iowa, and defendant a foreign corporation organized under the laws of the Netherlands Antilles, having its principal place of business at Curacao, Netherlands Antilles. Service of process was made under Iowa's single act long-arm statute, § 617.3 Code of Iowa 1966, which provides in part:

"If a foreign corporation makes a contract with a resident of Iowa to be performed in whole or in part by either party in Iowa * * * such act(s) shall be deemed to be doing business in Iowa * * * for the purposes of service of process * * * on such foreign corporation under this section * * *."

## MOTION TO DISMISS

Motions to dismiss are sparingly granted and in passing on such a motion the court accepts well pleaded allegations of fact as true, in a light most favorable to the plaintiff, and will consider affidavits. 1A Barron & Holtzoff, §§ 348, 352, 353 and 355. In its motion defendant contends that the court lacks jurisdiction over its person because there were insufficient contacts with the state of Iowa to invoke § 617.3 and in any event there were not the minimum contacts required by federal due process.

An examination of the complaint and plaintiff's affidavit discloses the following facts:

(1) The contract entered into as of September 22, 1961, provides in part that:

"All payments are to be made (by defendant) to Lundell at his address stated above (Cherokee, Iowa) in United States funds. * * * *"

"Lundell also agrees * * * to consult exclusively with (defendant) and its nominees at Cherokee, Iowa on the technical aspects of hay and forage wafering and compacting. * * * *"

(2) Pursuant to the contract, defendant has made two payments to plaintiff in Cherokee, Iowa.

(3) On at least three different occasions, to wit November 14, 1961, February 5, 1962, and April 2, 1962, employees of defendant corporation came to Cherokee, Iowa, and consulted with plaintiff on the technical aspects of hay and forage wafering and compacting and discussed improvements in the design and production of wafering machines.

It is this court's opinion that if faced with the facts of this case, the Iowa Supreme Court, in view of its liberal attitude concerning jurisdiction of foreign corporations as expressed in Tice v. Wilmington Chem. Corp., 141 N.W.2d 616 (Iowa 1966), would hold § 617.3 applicable.[1]

Determination of what minimum contacts due process requires is a

---

1. The fact that *Tice* involved the tort rather than the contract aspect of § 617.3 is not a persuasive distinction.

See also Cedar Rapids Comm. School Dist. v. R. F. Ball Cons't Co., 237 F. Supp. 965 (N.D. Iowa 1965).

question of federal law. Aftanase v. Economy Baler Co., 343 F.2d 187 (8th Cir. 1965); Jennings v. McCall Corp., 320 F.2d 64 (8th Cir. 1963). In a contract action, the due process objection is overcome if the contract has a substantial connection with the state claiming jurisdiction. McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). See also Hanson v. Denckla, 357 U.S. 235, 251–52, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

It is this court's view that the contacts noted above provide a substantial connection with the state of Iowa, and therefore defendant's Motion to Dismiss is not well taken.

### MOTION TO STAY ACTION PENDING ARBITRATION

In the alternative, pursuant to 9 U.S.C. § 3, defendant moves for a stay pending arbitration if its Motion to Dismiss is denied. Plaintiff resists on the grounds that the issue in dispute is not arbitrable and that defendant has waived the arbitration provision. Article 9 of the contract provides:

> "Should any dispute arise between the parties hereto with respect to the intent, meaning or effect of any of the provisions hereof, such dispute shall be finally settled under the Rules of Conciliation and Arbitration of the International Chamber of Commerce by arbitrators appointed in accordance with said rules."

■ It is well settled that questions of validity and interpretation of arbitration clauses affecting interstate commerce are substantive questions, governed by federal law. 9 U.S.C. §§ 1–14; Metro Industrial Painting Corp. v. Terminal Cons't Co., 287 F.2d 382 (2d Cir.) cert. denied, 368 U.S. 817, 82 S.Ct. 31 (1961); Robert Lawrence Co. v. Devonshire Fabrics, Inc., 271 F.2d 402 (2d Cir. 1959); Younker Bros. Inc. v. Standard Cons't Co., 241 F.Supp. 17 (S.D. Iowa 1965). It is undisputed that this case involves interstate commerce. Such clauses are to be liberally construed and all doubts resolved in favor of arbitration. Metro Industrial Painting Corp. v. Terminal Cons't Co., *supra*. In determining the arbitrable issues, the movant's version of the facts and issues is taken as true. Younker Bros., Inc. v. Standard Cons't Co., *supra*.

■ The arbitration clause herein requires that "any disputes" arising between the parties "with respect to the intent, meaning, or effect of any of the provisons" of the contract shall be settled by arbitration. Defendant's disputed contention that the contract intended the machines to be commercially successful is clearly such a dispute and referable to arbitration under the contract. In addition, any dispute as to the intent, meaning or effect of Article 9 itself should be settled by arbitration.

■ While plaintiff's contention that defendant has waived its right to arbitrate is of doubtful merit, Younker Bros., Inc. v. Standard Cons't Co., *supra,* in any event, this, too, is an appropriate issue for arbitration. World Brilliance Corp. v. Bethlehem Steel Co., 242 F.2d 362 (2d Cir. 1965); *In re* Tsakalotos Navigation Corp., 259 F.Supp. 210 (S.D.N.Y. 1966).

It is therefore

Ordered

1. Defendant's Motion to Dismiss, filed January 16, 1967, is overruled.

2. Trial of this action is stayed until arbitration has been had in accordance with Article 9 of the contract, providing defendant does not hereafter default in proceeding with such arbitration.

3. By not later than March 1, 1968, counsel for defendant shall advise the court in writing as to the status of arbitration.