Alexis **BRAU–GUASP, d/b/a American Architectural Products (ARCTEX),** Plaintiff,

v.

**ROLSCREEN COMPANY, Defendant.**

**Civ. No. 713–68.**

United States District Court
D. Puerto Rico.

April 14, 1969.

Juan F. Doval, San Juan, P. R., for Baragaño, Trías, Saldaña & Francis, for plaintiff.

Sutton Keany, San Juan, P. R., for McConnell, Valdés, Kelley & Sifre, for defendant.

## MEMORANDUM OPINION

CANCIO, Chief Judge.

The matter before the Court is a motion for summary judgment filed by the defendant Rolscreen Company (hereinafter referred to as "Rolscreen") in reliance upon Fed.R. of Civ.P. 56(b) and Section 1738 of Title 28, U.S.C. An understanding of the order of this Court granting the motion requires a full statement of the factual and procedural background of the case.

Prior to June 13, 1968, the plaintiff, Alexis Brau-Guasp, d/b/a American Architectural Products (hereinafter referred to as "Arctex") served as the exclusive distributor within the Commonwealth of Puerto Rico for Rolscreen products. On or about that date Rolscreen terminated the arrangement and appointed a company based in the State of Florida to cover the sales of its line in Puerto Rico. Shortly after receiving this letter of termination, Arctex sought to advise Rolscreen that its action was in violation of law and threatened judicial proceedings.

On September 18, 1968, not having heard anything further in this connection, Rolscreen initiated legal proceedings in the District Court of the State of Iowa in and for Marion County, seeking declaratory relief as to the rights, status and legal obligations of the parties, in light of the position taken by Arctex. This case, which was docketed as Law No. 68–19265 in the said District Court, bore the following caption: "Rolscreen Company, an Iowa corporation, Plaintiff, vs. Alexis Brau-Guasp, d/b/a American Architectural Products, Defendant." Service of process upon Arctex was made in accordance with Section 617.3 of the Code of Iowa, a so-called "long-arm" statute.

Arctex chose to ignore the Iowa proceeding, and instead filed its own complaint in the Superior Court of Puerto Rico, San Juan, Part, which is dated September 30, 1968. In this complaint, which refers to the same factual situation set forth in the Iowa proceeding, it is alleged that the unilateral termination of the contract of distribution by Rolscreen was a violation of Act No. 75 of 1964 of the Commonwealth of Puerto Rico, as amended (10 L.P.R.A. § 278 et seq), as well as a breach of contract, in violation of the Civil Code of Puerto Rico. Damages in the amount of $500,-000 plus interest, costs and attorney's fees were sought. Service of process

upon Rolscreen was made thereafter in accordance with Rule 4.7 of the Rules of Civil Procedure for the General Court of Justice (32 L.P.R.A. App. II, R. 4.7), Puerto Rico's "long-arm" statute.

A Petition for Removal was filed on behalf of Rolscreen on October 31, 1968, based upon 48 U.S.C. §§ 863, 864, and the case was brought to this Court.

On November 26, 1968, Rolscreen moved in the Iowa proceeding for a default judgment, in light of Arctex's failure to make an appearance by counsel or otherwise. In accordance with Iowa Rules of Civil Procedure 261 and 262, Rolscreen was allowed to present certain evidence before the Iowa District Court to prove the allegations of the petition for declaratory judgment and to establish that it was entitled to a default judgment.

On the same date, Judge Hobart E. Newton of the Fifth Judicial District of Iowa entered an Order for Entry of Default and Findings of Fact, Conclusions of Law and Order of Default Judgment. The said Order contains the following Conclusions of Law and Order:

> "A. This Court has jurisdiction and authority to construe the said arrangement and adjudicate the claims of the parties thereunder pursuant to Iowa Rules of Civil Procedure 261 and 262.
>
> B. Plaintiff had just cause for the unilateral termination of its arrangement with defendant.
>
> C. Plaintiff's unilateral termination of its arrangement with defendant did not constitute a breach of contract.

NOW THEREFORE, it is ORDERED, ADJUDGED and DECREED that the unilateral termination of the arrangement by plaintiff was lawful and for just cause, and did not constitute a breach of contract, and that plaintiff have judgment for costs of the action."

This Order was a final order as of the date that the instant motion for summary judgment was filed, in that no motion to set it aside was filed within sixty days of its entry. The Order was unappealable as of the date that Rolscreen moved for summary judgment, and stands as a full, firm and final adjudication of the rights of the parties thereto under Iowa law. Affidavit of John R. Phillip, Esq., attached to Motion; cf. Lynch v. Lynch, 250 Iowa 407, 94 N.W. 2d 105, 109 (1959).

A duly certified copy of all of the proceedings before the Iowa court is attached to the motion of Rolscreen for summary judgment, as well as an affidavit of Rolscreen's Iowa counsel setting forth the relevant facts.

Arctex did not exercise its right to file counteraffidavits in opposition to the motion filed by Rolscreen with this Court. Its opposition by counsel consists in substance of a series of arguments contesting the jurisdiction of the Iowa court over the person of Arctex and the *res judicata* effect of the Iowa order.

Section 1738 of Title 28 provides that judicial proceedings, or duly authenticated copies thereof, "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

Rolscreen, in reliance upon Section 1738, now seeks to introduce the Iowa judgment in this proceeding as a complete bar to the action.

It appears that both actions involve the same parties, and turn upon the same facts or cause of action. This Court is satisfied that jurisdiction over the person of Rolscreen was obtained pursuant to Rule 4.7 of the Rules of Civil Procedure of Puerto Rico. See Executive Air Services, Inc. v. Beech Aircraft, 254 F.Supp. 415 (D.P.R.1966); Félix A. Rodríquez, Inc. v. Bristol-Myers Company, 281 F.Supp. 643 (D.P.R.1968). In light of Arctex's opposition, it must similarly be satisfied that the Iowa court had jurisdiction over the person of Arctex. Wayside Transp. Co. v. Mar-

cell's Motor Exp. Inc., 284 F.2d 868, 871 (1st Cir. 1960).

Section 617.3 of the Code of Iowa provides in part as follows:

"If a nonresident person makes a contract with a resident of Iowa to be performed in whole or in part by either party in Iowa * * *, such acts shall be deemed to be doing business in Iowa by such person for the purpose of service of process or original notice on such person under this Act, and shall be deemed to constitute the appointment of the secretary of state of the state of Iowa to be the true and lawful attorney of such person upon whom may be served all lawful process or original notice in actions or proceedings arising from or growing out of such contract * * *. The making of the contract * * * shall be deemed to be the agreement of such corporation or such person that any process or original notice so served shall be of the same legal force and effect as if served personally upon such defendant within the state of Iowa. The term 'resident of Iowa' shall include any Iowa corporation * * *."

Attached to the affidavit supporting the motion for summary judgment are a series of seven exhibits, including documents which make clear that Rolscreen followed the prescribed Iowa procedure for service. Rolscreen has also attached to the affidavit a full transcript of the hearing before Judge Newton. There is no question that this transcript provides adequate support for the following Findings of Fact contained in the Iowa Order:

"D. Under said arrangement plaintiff agreed to provide shop drawings of its products, manufacture its products in accordance with defendant's orders, and formulate conditions of sale, all of which terms of the said arrangement were to be and were performed in Marion County, Iowa.

E. The said arrangement was between a resident of Iowa and a resident of the Commonwealth of Puerto Rico, and was to be performed in whole or in part in Iowa."

In the light of these express findings by the Iowa court and based upon the transcript of proceedings in that court, and the language of Section 1738 of Title 28, this Court concludes that jurisdiction over the person of Arctex was obtained in the Iowa action.

Arctex has raised a question as to a possible violation of due process if the Iowa long-arm statute should be found to be applicable. The constitutionality of this Act has already been passed upon, Tice v. Wilmington Chemical Corp., 141 N.W.2d 616 (Iowa 1966), Supp.Op. 143 N.W.2d 86 (Iowa 1966). Lundell v. Massey-Ferguson Services N. V., 277 F.Supp. 940 (D.C. Iowa 1967), Midwest Packaging Corp. v. Oerlikon Plastics, Ltd., 279 F.Supp. 816 (D.C. Iowa 1968), cf. Cedar Rapids Com. Sch. Dist. v. R. F. Ball Constr. Co., 237 F. Supp. 965 (D.C. Iowa 1965), and this Court has recently had occasion to pass upon Puerto Rico's "long-arm" statute in a similar vein, La Electronica, Inc. v. Electric Storage Battery Co., 260 F. Supp. 915 (D.C.P.R. 1966); Executive Air Services, Inc. v. Beech Aircraft Corp., *supra*, in reliance upon International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). See generally, Annotation—Jurisdiction—Transaction in State, 20 A.L. R.3d 1201; Annotation—Jurisdiction—Nonresident—Contracts, 23 A.L.R.3d 551, 589.

Under these circumstances, it would directly violate the express terms of Section 1738 if full faith and credit were not given to the Iowa judgment. Accordingly, an appropriate order will be entered granting the motion of defendant Rolscreen for summary judgment in its favor.