KEHOE, Judge.
Appellant, plaintiff below, appeals an adverse summary final judgment holding that its Iowa judgment against appellee, defendant below, cannot be reduced to a Florida judgment. We reverse.
The reason assigned by the trial court in its summary final judgment for refusing to reduce appellant’s Iowa judgment to a Florida judgment was its finding that appellant did not acquire jurisdiction of appellee on a suit on a promissory note by virtue of Section 617.3, Iowa Statutes (1976) (long arm statute), because appellee did not have sufficient contacts with Iowa to' confer jurisdiction of the Iowa courts over him.
*706 In our opinion, appellee did have sufficient minimum contacts with Iowa for its long arm statute to confer jurisdiction over appellee. Without attempting to specifically interpret Iowa’s statute, our review of the record shows, among other things, the following: the lending party was located in Iowa; borrower agreed to pay, and did make, payments in Iowa; and business records were maintained in Iowa. The focus of a court’s analysis of the minimum contact requirement should not be upon the physical presence of a defendant in the state seeking to obtain jurisdiction, but rather upon the contract itself. If the contract has a substantial connection with the state seeking to assert its jurisdiction, generally, the minimum contact requirement will be satisfied. In the instant case, we feel, based on the criteria set forth above, that this contract has such a substantial contact with Iowa. See, e. g., Midwest Packaging Corp. v. Oerlikon Plastics, Ltd., 279 F.Supp. 816 (S.D.Iowa 1968); and Lundell v. Massey-Ferguson Service N.V., 277 F.Supp. 940 (N.D.Iowa 1967). Accordingly, the judgment appealed is reversed and the cause is remanded for further proceeding consistent with this opinion.
Reversed and remanded.