# IN THE COURT OF APPEALS OF IOWA

No. 18-0654
Filed June 5, 2019

**TERRY D. BUTLER,**
     Plaintiff-Appellant,

**vs.**

**WELLS FARGO BANK, N.A., and DAVID M. ERICKSON,**
     Defendants-Appellees.

_____

Appeal from the Iowa District Court for Warren County, Timothy O'Grady, Judge.

A plaintiff appeals the grant of summary judgment dismissing his claims. **AFFIRMED.**

John H. Judisch and Robert M. Benton of Stuyvesant, Benton & Judisch, Carlisle, and Allison M. Steuterman and Billy J. Mallory of Brick Gentry, P.C., West Des Moines, for appellant.

Jesse Linebaugh, Angela Morales, and Kathryn Skilton of Faegre Baker Daniels LLP, Des Moines, for appellee Wells Fargo Bank, N.A.

David H. Luginbill and Emily A. Kolbe of Ahlers & Cooney, P.C., Des Moines, for appellee David M. Erickson.

Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**BOWER, Judge.**

Terry Butler appeals from the district court's grant of summary judgment in his action against Wells Fargo Bank, N.A. (Wells Fargo) and David Erickson. Butler initiated these proceedings alleging several causes of action against Wells Fargo and Erickson, counsel for Wells Fargo, following a foreclosure action. We affirm.

### I. Background Facts and Proceedings

Butler acquired two adjoining parcels of land, lot 1 and lot 2, totaling 10.27 acres, by warranty deed in 2009. He financed his purchase of the land with a promissory note from Wells Fargo totaling $125,681.00. In issuing the promissory note, Wells Fargo relied upon a report appraising the value of the combined parcels. The note was secured by a mortgage, which was recorded at the Warren County Recorder's Office. However, the recorded mortgage's description of the secured land only made specific reference to lot 1. Eventually Butler defaulted on the note, and Wells Fargo initiated a foreclosure proceeding and retained Erickson as counsel. In an attachment to the foreclosure petition, the property to be foreclosed upon was described using the legal description of lot 1 and a description of lot 2.

Butler received notice of the foreclosure proceeding but never filed an answer. Wells Fargo sought and received a default judgment. The county sheriff auctioned off the land (both lot 1 and lot 2), and Wells Fargo purchased it. It then transferred the land to a new owner through a quit claim deed. During this process,

Erickson learned the description of lot 2 used in all prior documents[1] varied from its legal description by the omission of the word "acres." Wells Fargo requested a nunc pro tunc order to add "acres" to the description of lot 2 in the foreclosure decree, and the court issued the nunc pro tunc order.

Butler initiated these proceedings, initially only naming Wells Fargo as a defendant. Wells Fargo filed a pre-answer motion to dismiss, which was denied. Butler then added Erickson as a party and amended his petition to assert eight different causes of action related to the foreclosure proceeding and its impact to lot 2. Butler's eight claims alleged: (1) Wells Fargo and Erickson committed abuse of process; (2) Wells Fargo breached its contracts with Butler; (3) Wells Fargo converted lot 2; (4) Wells Fargo and Erickson committed fraudulent misrepresentation by claiming Wells Fargo had an interest in lot 2; (5) Wells Fargo was unjustly enriched from the foreclosure of lot 2; (6) Erickson was liable through agent liability; (7) concert of action against Wells Fargo and Erickson; and (8) he was entitled to specific performance from Wells Fargo to transfer title of lot 2 back to him. Each claim was predicated on the proposition the mortgage did not include lot 2.

Both defendants denied Butler's allegations. Butler sought partial summary judgment requesting the court declare Wells Fargo never held an interest in lot 2 and Wells Fargo sold or disposed of lot 2. Defendants sought summary judgment to dismiss all of Butler's claims. The district court denied Butler's motion for partial summary judgment in part, declining to declare Wells Fargo never had an interest

---

[1] The deed issuing lot 2 to Butler also used the same incorrect legal description.

in lot 2, and granted it in part, declaring Wells Fargo sold or disposed of lot 2. Following a hearing, the district court granted the defendants' motion for summary judgment. It concluded Butler's claims were barred by issue preclusion and claim preclusion and the abuse of process claim also failed because Butler failed to provide any evidence the defendants' motivations during the foreclosure proceeding were primarily carried out for an impermissible or illegal purpose. Butler filed a motion for the district court to reconsider, enlarge, or amend its summary judgment ruling, which the court denied.

Butler now appeals.

## II. Scope and Standard of Review

"We review summary judgments for correction of errors at law." *Morris v. Steffes Grp., Inc.*, 924 N.W.2d 491, 495 (Iowa 2019). "[W]e examine the record before the district court to determine whether any material fact is in dispute, and if not, whether the district court correctly applied the law." *Andersen v. Khanna*, 913 N.W.2d 526, 535 (Iowa 2018) (alteration in original) (quoting *Roll v. Newhall*, 888 N.W.2d 422, 425 (Iowa 2016)). "A fact is material when its determination might affect the outcome of a suit. A genuine issue of material fact exists when reasonable minds can differ as to how a factual question should be resolved." *Id.* (quoting *Linn v. Montgomery*, 903 N.W.2d 337, 342 (Iowa 2017)). "We view the record in the light most favorable to the nonmoving party." *Id.* "We draw all legitimate inferences the evidence bears that will establish a genuine issue of material fact." *Id.* (quoting *Linn*, 903 N.W.2d at 342).

**III. Analysis**

**A. Issue Preclusion/Collateral Estoppel**

The root of each of Butler's claims stem from his assertion the mortgage did not include lot 2 and the foreclosure decree did not foreclose upon lot 2. Accordingly, defendants contend the district court correctly concluded issue preclusion dictates each of Butler's claims must fail because the foreclosure proceeding already determined the mortgage included lot 2 and foreclosed upon lot 2. "Collateral estoppel, or issue preclusion, prevents parties in a prior action from relitigating issues raised and resolved in a previous action." *Stender v. Blessum*, 897 N.W.2d 491, 512 (Iowa 2017). The four elements of issue preclusion are:

> (1) the issue concluded must be identical; (2) the issue must have been raised and litigated in the prior action; (3) the issue must have been material and relevant to the disposition of the prior action; and (4) the determination made of the issue in the prior action must have been necessary and essential to the resulting judgment.

*Linn*, 903 N.W.2d at 344 (quoting *Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 (Iowa 1981)).

Butler argues the district court erred in finding issue preclusion barred his claims. We disagree. To be successful in the present action, Butler's claims require the court to find the mortgage did not include lot 2. However, when foreclosing upon lot 2 in the foreclosure proceeding, the court necessarily found the mortgage included lot 2. This issue is identical in both proceedings. Butler argues lot 2 was never at issue in the foreclosure proceeding because lot 2's description in the foreclosure filings did not match its legal description because it omitted the word "acres." This argument is without merit. All descriptions of lot 2

identified it in the same manner Wells Fargo utilized in the foreclosure filings. By Wells Fargo's use of the widely-used description of lot 2, it is apparent lot 2 was at issue in the foreclosure proceeding.

Butler contends the issue was not raised and litigated in the foreclosure proceeding because the court entered a default judgment, and issue preclusion cannot apply. *See Lynch v. Lynch*, 94 N.W.2d 105, 108 (Iowa 1959) ("Collateral estoppel is usually not available in default cases."); Restatement (Second) of Judgments § 27 cmt. e (Am. Law Inst. 1982). However, our supreme court has previously concluded that a prior judgment "even though by default, is conclusive, and, as such, estops [the] plaintiff" in a subsequent action. *See Lynch*, 94 N.W.2d at 109. Certainly, Butler had his opportunity to challenge Wells Fargo's assertion the mortgage included lot 2 in the foreclosure proceeding and chose not to avail himself of the opportunity. *See id.* ("Having failed to plead and prove that claim, [the appellant] waived the right to relitigate the issue or claim and is barred or estopped under the doctrine of res judicata."). He cannot benefit now for his refusal to participate in the foreclosure proceeding by reconsideration of lot 2's inclusion in the mortgage in the present action. *See id.* at 110 ("We have always recognized that the underlying principle of the doctrine of . . . estoppel is that there should be an end to litigation, and one who has had an opportunity for a full hearing on a vital issue should not be permitted to relitigate that same issue again.").

The final two elements of issue preclusion are easily met. The inclusion of lot 2 in the mortgage was material and relevant because without its inclusion, the court could not foreclose upon it. *See Linn*, 903 N.W.2d at 344. The determination the mortgage included lot 2 was necessary and essential to the resulting

foreclosure of lot 2. *See id.* As a result, we agree with the district court and conclude issue preclusion/collateral estoppel prevents Butler from asserting the mortgage did not include lot 2.

Nonetheless, Butler asserts he may collaterally attack the foreclosure court's conclusion the mortgage included lot 2 and foreclosure of lot 2 in this proceeding because the foreclosure court lacked subject matter jurisdiction with respect to lot 2. *See Sanford v. Manternach*, 601 N.W.2d 360, 364 (Iowa 1999) (noting "a judgment is not subject to collateral attack except on jurisdictional grounds"). Butler reasons because lot 2 is not referenced in the recorded mortgage, the court lacked the necessary jurisdiction to foreclose upon it. However, Butler's assertion is again without merit. The jurisdiction of the district court is not limited by agreements entered into by individual parties. Rather, our district courts are courts of general jurisdiction, "empowered by the Iowa Constitution to hear *all cases* in law and equity." *Schott v. Schott*, 744 N.W.2d 85, 87 (Iowa 2008) (emphasis added); *see also* Iowa Const. art. V, § 6 ("The district court shall be a court of law and equity, which shall be distinct and separate jurisdictions, and have jurisdiction in civil and criminal matters arising in their respective districts, in such manner as shall be prescribed by law."); Iowa Code § 602.6101 (2016) ("The district court has exclusive, general, and original jurisdiction of all actions, proceedings, and remedies, civil, criminal, probate, and juvenile, except in cases where exclusive or concurrent jurisdiction is conferred upon some other court, tribunal, or administrative body. The district court has all the power usually possessed and exercised by trial courts of general jurisdiction, and is a court of record."). We conclude the district court had jurisdiction in the

foreclosure action over lot 2. As a result, the court's foreclosure decree foreclosing lot 2 may not be collaterally attacked due to a lack of jurisdiction. *See Schott*, 744 N.W.2d at 88 ("We have repeatedly said a final judgment is conclusive on collateral attack, even if the judgment was erroneous, unless the court that entered the judgment lacked jurisdiction over the person or the subject matter."). Butler also argues he may collaterally attack the foreclosure court's conclusion the mortgage included lot 2 and the foreclosure of lot 2 because Wells Fargo and Erickson fraudulently claimed the mortgage included lot 2 during the foreclosure proceeding. However, Butler could have challenged the allegedly fraudulent assertion, the mortgage included lot 2, during the foreclosure proceeding. Thus, Butler's claim of fraudulent conduct amounts to an assertion of intrinsic fraud, which does not give rise to collateral attack. *See City of Chariton v. J.C. Blunk Constr. Co.*, 112 N.W.2d 829, 818 (Iowa 1962) ("[A]n equitable action to set aside a judgment will lie where the fraud is extrinsic; it will not lie when it is intrinsic."); *Waddy v. Cheatum*, No. 01-0913, 2002 WL 1332495, at *2 (Iowa Ct. App. June 19, 2002) ("A collateral attack based on fraud cannot be predicated on issues which were, or with due diligence could have been, presented and adjudicated in the original proceeding.").

Because issue preclusion/collateral estoppel prevent Butler from asserting lot 2 was not included in the mortgage, he cannot prove an essential fact to all of his claims and all of his claims necessarily fail

### B. Claim Preclusion

The district court also determined Butler's claims fail due to claim preclusion. "The general rule of claim preclusion holds that a valid and final

judgment on a claim bars a second action on the adjudicated claim or any part thereof." *Pavone v. Kirke*, 807 N.W.2d 828, 835 (Iowa 2011). In addition to issues litigated in an initial proceeding, "[c]laim preclusion may preclude litigation on matters the parties never litigated." *See id.*

> To establish claim preclusion a party must show: (1) the parties in the first and second action are the same parties or parties in privity, (2) there was a final judgment on the merits in the first action, and (3) the claim in the second suit could have been fully and fairly adjudicated in the prior case . . . .

*Id.* at 836. On appeal, Butler contests each element of claim preclusion.

First, he asserts the parties in the foreclosure action and the instant action are not the same or in privity because the parties to the foreclosure action included Wells Fargo and himself while this action includes Wells Fargo, Butler, and Erickson. However, "[i]n the defensive use of claim preclusion, the status test for privity is broadly applied if the party against whom claim preclusion is invoked had a full and fair opportunity to litigate the claim." *Shivvers v. Hertz Farm Mgmt.*, 595 N.W.2d 476, 481 (Iowa 1999). We conclude the parties were in privity and the first element of claim preclusion is satisfied. *Cf. Plotner v. AT&T Corp.*, 224 F.3d 1161, 1169 (10th Cir. 2000) ("The law firm defendants appear by virtue of their activities as representatives of Green and AT & T, also creating privity.").

Butler challenges the second element by again claiming the foreclosure action was not decided on the merits because the foreclosure resulted from a default judgment. However, "the fact a judgment is rendered by default does not prevent it from operating as a basis for the application of the doctrine of res judicata." *Lynch*, 94 N.W.2d at 110.

As to the third element, Butler claims he could not have fully and fairly adjudicated his claim that lot 2 was not included in the mortgage for several reasons. These reasons include: (1) the description of lot 2 used in the foreclosure proceeding was not the correct legal description; (2) the lot was never part of the mortgage; (3) the foreclosure proceeding specifically related the property referenced in the recorded mortgage, lot 1 only; and (4) lot 2 was only included in the proceedings by way of the nunc pro tunc after the proceeding's conclusion. None of Butler's assertions have merit. The foreclosure petition made clear reference to lot 2, putting Butler on notice it was at issue. The description of lot 2 was sufficiently similar to the legal description of lot, in fact it was the same as the description given when lot 2 was deeded to Butler to begin with. Butler knew lot 2 was at issue in the foreclosure proceeding and instead elected to stand by rather than assert his current claim, i.e. the mortgage did not cover lot 2.

We conclude the district court correctly found claim preclusion prevents Butler from claiming the mortgage did not include lot 2 in this proceeding. Because this claim is essential to Butler's claims, we conclude the district court properly granted summary judgment to the defendants on this basis as well.

### C. Abuse of Process

With respect to Butler's abuse of process claim against both defendants, the district court concluded Butler failed to provide evidence of an essential element and granted summary judgment on this basis as well. "An abuse-of-process claim has three elements: (1) the use of a legal process (2) in an improper or unauthorized manner (3) that causes the plaintiff to suffer damages as a result of that abuse." *Gibson v. ITT Hartford Ins.*, 621 N.W.2d 388, 398 (Iowa 2001).

Here the district court found Butler provided no evidence the defendants used the legal process in an improper or unauthorized manner.

Butler asserts the defendants improper use occurred when requesting the nun pro tunc order to add "acres" the description of lot 2 in the foreclosure decree. He reasons lot 2 was only foreclosed upon when the nunc pro tunc was ordered because all prior references did not use the correct legal description of lot 2. "An order nunc pro tunc cannot be used to remedy an error in judicial thinking, a judicial conclusion, or a mistake of law." *State v. Naujoks*, 637 N.W.2d 101, 113 (Iowa 2001). However, the nunc pro tunc order in the foreclosure proceeding did not remedy an error in thinking, conclusion, or legal error. Rather, it merely corrected the description of lot 2 in the foreclosure decree by the addition of one word. It did not add lot 2 to the decree after the fact. The motion for the nunc pro tunc order does not provide any evidence of the defendants' use of the legal process for an improper or unauthorized manner.

With respect to the abuse of process claim, we conclude the district court properly granted summary judgment to the defendants due to Butler's failure to provide evidence the defendants used the foreclosure proceeding for an improper or unauthorized manner.

**IV. Conclusion**

We have considered each of the parties' arguments on appeal, whether or not directly addressed herein. Because each of Butler's claims require he show the mortgage did not include lot 2 and he cannot do so due to issue and claim preclusion, we conclude the district court properly granted summary judgment in favor of the defendants. With respect to Butler's abuse of process claim, we

conclude the district court also correctly found no evidence the defendants used the legal process for an improper or unauthorized manner.

**AFFIRMED.**