**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Daniel KELLY, Appellee.**

No. 03–1820.

Supreme Court of Iowa.

Sept. 1, 2004.

Joel J. Yunek of Laird, Heiny, McManigal, Winga, Duffy & Stambaugh, P.L.C., Mason City, for appellant.

Mindi M. Vervaecke of Fitzsimmons & Vervaecke Law Firm, P.L.C., Mason City, for appellee.

WIGGINS, Justice.

Nationwide Mutual Insurance Company (Nationwide) appeals from an order entered by the district court granting Daniel Kelly (Kelly) summary judgment and denying Nationwide's motion for summary judgment. The district court interpreted the "other insurance" clause contained in an Iowa underinsured motorist (UIM) policy that restricted damages payable under the UIM coverage to "the highest applicable limit for any one vehicle" to mean the

stated limit, not the amount of the benefits collectable under Oregon law. We conclude the district court correctly interpreted the policy and affirm the district court's order.

## I. Background Facts and Procedure.

The facts are undisputed. On December 21, 2001, Kelly suffered personal injuries because of an automobile collision that occurred in Oregon. Kelly was a resident of Iowa. At the time of the incident, Kelly was a passenger in a vehicle owned by Kelly's mother, Lavonne, and operated by Kelly's brother. Lavonne was a resident of Oregon. Karleen McLain (McLain) was the driver of the other vehicle involved in the collision. The parties agree McLain was at fault and Kelly was without fault.

Safeco Property and Casualty Insurance Company (Safeco) insured McLain with a $50,000 liability limit. Allstate Insurance Company (Allstate) insured Lavonne's vehicle under a policy issued in Oregon. Lavonne's automobile policy contained UIM coverage with a $100,000 stated limit in the declarations.

Kelly's automobile policy was issued by Nationwide in Iowa, and included UIM coverage with a $50,000 stated limit in the declarations. Nationwide's policy contains an "other insurance" clause, which provides:

If there is other applicable underinsured motorists coverage available under one or more policies or provisions of coverage:

1. Any recovery for damages may equal but not exceed the highest applicable limit for any one vehicle under this insurance or other insurance providing coverage on either a primary or excess basis.

In addition, if any such coverage is provided on the same basis, either primary or excess, as the coverage we provide under this endorsement, we will pay only our share. Our share is the proportion that our limit of liability bears to the total of all applicable limits for coverage provided on the same basis.

2. Any coverage we provide with respect to a vehicle you do not own shall be excess over any other collectible underinsured motorist coverage.

By its terms, the policy provides "excess" UIM coverage.

With the consent of Nationwide, Kelly settled with and released McLain in exchange for payment of the $50,000 liability limit of the Safeco policy. Also with the consent of Nationwide, Kelly settled with and released his UIM claim against Allstate, the primary UIM carrier, for $50,000. In Oregon, the amount payable under a UIM policy is equal to the limits of the uninsured motorist coverage, less the amount received from the tortfeasor's automobile liability insurance policy. *Am. Econ. Ins. Co. v. Canamore*, 114 Or.App. 348, 834 P.2d 542, 544–45 (1992). Thus, under Oregon law, Kelly's recovery under Allstate's policy was limited to $50,000 even though the stated limit in the policy was $100,000. The parties stipulated Kelly's damages exceed $150,000.

In a separate action, Kelly filed a petition in Polk County seeking to recover the $50,000 UIM limit under his policy with Nationwide. In the present case, Nationwide filed a petition for a declaratory judgment in Cerro Gordo County alleging it has no obligation to pay UIM benefits to Kelly. Both parties moved for summary judgment in the declaratory judgment action. The district court denied Nationwide's motion for summary judgment and sustained Kelly's motion for summary judgment concluding the highest applicable UIM limit was the $100,000 stated limit in Allstate's policy, unreduced by the

$50,000 deduction required by Oregon law. Therefore, the insurance contract issued by Nationwide provided Kelly UIM coverage up to the limit of $50,000 for the claim Kelly asserted because of the Oregon motor vehicle accident. Nationwide appeals.

## II. Issue.

Did the district court correctly interpret the "other insurance" clause contained in Nationwide's UIM coverage?

## III. Scope of Review.

We review a district court's ruling on a motion for summary judgment for correction of errors at law. *Mewes v. State Farm Auto. Ins. Co.*, 530 N.W.2d 718, 721 (Iowa 1995). The district court should grant a party's motion for summary judgment if there is no issue as to any material fact and the moving party is entitled to judgment as a matter of law. *West Bend Mut. Ins. Co. v. Iowa Iron Works, Inc.*, 503 N.W.2d 596, 598 (Iowa 1993).

This appeal also concerns the interpretation of the "other insurance" clause contained in the UIM section of Nationwide's insurance policy. Where neither party offers any extrinsic evidence concerning the meaning of the policy language, the process of construing or interpreting the meaning of the words used is a matter of law for the court to decide. *Cairns v. Grinnell Mut. Reins. Co.*, 398 N.W.2d 821, 823–24 (Iowa 1987).

## IV. Analysis.

The parties disagree over the interpretation of the "other insurance" clause contained in the UIM section of Nationwide's policy. Nationwide contends that although the UIM coverage in Allstate's policy issued to Lavonne had a stated limit of $100,000, because of the interpretation given UIM coverage in the Oregon courts, the highest applicable limit of the Allstate

policy was only $50,000. Thus, Nationwide concludes it does not have any coverage under its UIM policy because the highest applicable limit under either its policy or Allstate's policy is only $50,000. Kelly contends the interpretation of UIM coverage used by the Oregon courts only reduces the amount payable under the policy, not the limit of the policy. Thus, the highest applicable limit is Allstate's UIM coverage, the $100,000 stated limit, thereby requiring Nationwide to pay its limit of $50,000.

The Oregon Court of Appeals interpreted UIM coverage issued in Oregon based upon Oregon Revised Statute section 742.502. *Canamore*, 834 P.2d at 544–45. Section 742.502(2)(a) of the Oregon statutes provides in relevant part:

> A motor vehicle bodily injury liability policy shall have the same *limits* for uninsured motorist coverage as for bodily injury liability coverage unless a named insured in writing elects lower limits . . . . Underinsurance *benefits* shall be equal to uninsured motorist coverage *benefits* less the amount recovered from other automobile liability insurance policies.

Or.Rev.Stat. § 742.502(2)(a) (1997) (emphasis added). A plain reading of the Oregon statute makes it clear that the statute does not reduce the *limits* of the Oregon UIM policy for any amounts recovered from other automobile liability insurance policies. Rather, the amounts recovered from other automobile liability insurance policies only reduce the *benefits* payable under the policy. The highest applicable limit referenced by Nationwide's policy "other insurance" clause is the $100,000 stated limit of the Allstate UIM policy.

We have carefully considered all of the other issues raised by the parties on ap-

peal and conclude they are without merit or were not properly preserved.

## V. Disposition.

We affirm the district court ruling granting summary judgment in favor of Kelly. The district court was correct in overruling Nationwide's motion for summary judgment. The highest applicable limit is the Allstate UIM limit of $100,000. Therefore, Kelly is entitled to recover the $50,000 under his Nationwide UIM coverage.

**AFFIRMED.**

All justices concur except LARSON, J., who takes no part.