# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1615
_____

Jesse Tyler Smith

*Plaintiff - Appellant*

v.

Aqua-Care Marketing, LLC, et al.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: November 7, 2017
Filed: December 18, 2017
[Unpublished]

_____

Before LOKEN, MURPHY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Jesse Smith brought this pro se diversity action against Aqua-Care Marketing, LLC and three of its officers and employees, asserting, *inter alia*, three breach of contract claims and a claim of malicious prosecution. Ruling on cross motions for

summary judgment at the conclusion of discovery, the district court[1] denied Smith's motion as untimely, denied defendants summary judgment on the breach of contract claims, and granted summary judgment on the malicious prosecution claim. Some weeks later, the court entered a final order declining to exercise jurisdiction over the state law breach of contract claims and dismissing those claims without prejudice because the amount in controversy was far below the minimum required for federal diversity jurisdiction. See 28 U.S.C. § 1332. Smith appeals the grant of summary judgment dismissing his malicious prosecution claim. He does not appeal the district court's decision to dismiss the breach of contract claims without prejudice. Thus, those claims have not been finally resolved.

Having carefully reviewed the record and the arguments on appeal, we conclude that summary judgment dismissing the malicious prosecution claim was properly granted. The record does not include evidence that would allow a reasonable jury to find that law enforcement would not have brought criminal charges that were ultimately dismissed in the absence of false information knowingly supplied by defendants, or that defendants engaged in actions beyond merely supplying false information or making an accusation. See Peterson v. Kopp, 754 F.3d 594, 598 (8th Cir. 2014) (de novo review); see also Fisher v. Wal-Mart Stores, Inc., 619 F.3d 811, 823 (8th Cir. 2010); Linn v. Montgomery, 2017 WL 4847687, at *6-7 (Iowa Oct. 27, 2017). Accordingly, we affirm. See 8th Cir. R. 47B.

_____

_____

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.