# IN THE COURT OF APPEALS OF IOWA

No. 17-0100
Filed February 7, 2018

**VINCENT N. MUMMAU,**
        Plaintiff-Appellant,

**vs.**

**ESTATE OF BEVERLY KRAUS and**
**MICHAEL J. TSCHIRIGI, Clayton County Sheriff,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Clayton County, David P. Odekirk,

Judge.


        Plaintiff appeals the district court's decision granting summary judgment to

defendants on his petition to set aside a sheriff's sale.  **AFFIRMED.**


        Matthew M. Sahag of Dickey & Campbell Law Firm, P.L.C., Des Moines,

for appellant.

        Mark A. Roeder of Roeder Law Office, Manchester, and Robert G. Tully

and Benjamin G. Arato of Law Offices of Rob Tully, P.C., West Des Moines, for

appellee Estate.

        Les V. Reddick of Kane, Norby & Reddick, P.C., Dubuque, for appellee

Sheriff.


        Considered by Vogel, P.J., Bower, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**BOWER, Judge.**

Vincent Mummau appeals the district court's decision granting summary judgment to defendants on his petition to set aside a sheriff's sale of farmland. We find no error in the district court's conclusion Mummau had an equitable interest in the farmland, which was subject to a judgment lien. Also, we find no error in the district court's conclusion Mummau's claims concerning the adequacy of the sale price were moot, as the one-year statutory redemption period had expired. We affirm the district court decision granting summary judgment.

## I. Background Facts & Proceedings

Mummau was previously convicted of third-degree sexual abuse, in violation of Iowa Code section 709.4 (2011). His conviction was upheld on appeal and on a petition for postconviction relief. *See Mummau v. State*, No. 16-1909, 2017 WL 3535294, at *7 (Iowa Ct. App. Aug. 16, 2017); *State v. Mummau*, No. 12-1082, 2013 WL 2145994, at *7 (Iowa Ct. App. May 15, 2013).

The victim in the criminal case, Beverly Kraus, brought a civil action against Mummau, seeking damages on the grounds of sexual battery and sexual abuse. After a trial to the court, on May 8, 2014, Kraus was awarded $153,750 in compensatory damages and $10,000 in punitive damages, for a total of $163,750.[1]

At the time of the civil judgment, Mummau owned approximately 282 acres of farmland, which included 222 acres he was purchasing by a real estate contract from Marlen and Debra Hakert. The land was subject to encumbrances

---

[1] Mummau did not appeal the judgment against him. He later sought to vacate the judgment under Iowa Rule of Civil Procedure 1.1012. *See Kraus v. Mummau*, No. 16-2034, 2018 WL 542628, at *2-3 (Iowa Ct. App. Jan. 24, 2018).

of $637,958. In the civil action, Mummau stated the net equity in his farming operation was $556,323. On February 26, 2014, Mummau signed an "Assignment of Contract for Collateral Purposes Only," to Community Savings Bank (CSB), which was to remain in effect until all of his debts and obligations to CSB were satisfied.

Kraus obtained a writ of general execution. A notice of levy on the farmland was sent to Mummau. On June 9, 2015, there was a sheriff's sale of Mummau's real property. Rodney Hettinger purchased the property for $151,000, subject to encumbrances.

On June 19, 2015, Mummau filed a petition to set aside the sheriff's sale, naming Kraus and the Clayton County Sheriff, Michael Tschirigi, as defendants.[2] Kraus died on June 17, 2015, and her estate was substituted as a defendant.[3] In the petition, Mummau claimed the sheriff should have first sold his personal property or sold his real property in parcels. He also claimed he had only a personal property interest in the 222 acres because he was purchasing it by a real estate contract. Mummau stated the real property was worth $1,200,000 and the sale price was grossly inadequate.

On May 4, 2016, Mummau filed a motion seeking to extend the one-year redemption period, noting the redemption period would soon expire. He stated if the sheriff's sale was found to be legal, he would offer to redeem the property. Kraus resisted the motion to extend the redemption period. While the motion was pending, the one-year period expired and on June 10, 2016, a sheriff's deed

---

[2] Hettinga was added as a party on January 4, 2016, and then later dismissed from the action on September 15, 2016.

[3] We will refer to Kraus's estate as Kraus.

was given to Hettinger. On September 15, 2016, the court found the issue concerning redemption should be determined upon the presentation of evidence.

The defendants and Mummau filed motions for summary judgment. The district court entered an order on December 28, 2016. The court granted the defendants' motion, finding, "Even if the Court were to set aside the sheriff's sale, the Plaintiff would be without a right to redemption because that right expired earlier this year and it was not contested in accordance with section 628.21 [(2015)] of the code." The court concluded the issues Mummau raised about the sheriff's sale were moot. The court denied Mummau's motion for summary judgment. Mummau appeals the district court's decision.

## II.     Standard of Review

Our review of a district court's ruling on a motion for summary judgment is for the correction of errors at law. *Linn v. Montgomery*, 903 N.W.2d 337, 342 (Iowa 2017). "Summary judgment is proper only when the entire record demonstrates the absence of a genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* (citing Iowa R. Civ. P. 1.981(3)). In reviewing the district court's decision, the record is viewed in the light most favorable to the nonmoving party. *Id.*

## III.     Petition to Set Aside

**A.**     In his motion for summary judgment, Mummau claimed he had legal title to only sixty acres. He stated the 222 acres he was purchasing by real estate contract was still legally titled to the sellers, the Hakerts. Mummau claimed he had a personal property interest in the 222 acres. He also claimed he

did not own the 222 acres, which was the subject of the real estate contract, because he had assigned his interest to CSB.

"After a real estate contract is made, the purchaser becomes the equitable owner of the land." *Sheeder v. Lemke*, 564 N.W.2d 1, 3 (Iowa 1997); *see also Junkin v. McClain*, 265 N.W. 362, 365 (Iowa 1936) (finding the purchaser in a real estate contract "held an equitable title in real estate which would descend to his heirs"); *Knapp v. Baldwin*, 238 N.W. 542, 544 (Iowa 1931) (noting the vendee in a real estate contract "held the equitable title to the real estate"). "The vendor retains legal title to the land as 'security for payment of the purchase price.'" *Id.*

"It is an ancient rule '[i]n this state a judgment is a lien upon the equitable interest of a debtor in real estate.'" *Kimm v. Kimm*, 464 N.W.2d 468, 471 (Iowa Ct. App. 1990) (quoting *Lippincott, Johnson & Co. v. Wilson*, 40 Iowa 425, 427 (Iowa 1875)). "It is beyond question that the lien of a judgment under such provisions attaches to any equitable interest of the judgment debtor, and it may be subject to the satisfaction of the judgment by proper proceedings in equity for that purpose." *Gottstein v. Hedges*, 228 N.W. 93, 96 (Iowa 1929). Thus, even if Mummau had only an equitable interest in the 222 acres, the property would still be subject to Kraus's judgment lien.

Furthermore, Mummau has not shown his "Assignment of Contract for Collateral Purposes Only" changed his equitable ownership in the property. As the title suggests, the assignment was only for the purpose of providing collateral. The document states, "This assignment shall be binding upon us and remain in full force and effect until all debts and obligations owned by us to

[CSB], Edgewood, Iowa, have been fully paid and satisfied." The district court found,

> The Court understands Mr. Mummau assigned his right in the Hakert contract to a bank prior to the date of the judgment in [the civil action]; however, the Court finds this assignment acted as a pledge of the contract as collateral to the bank. This assignment would terminate once any debts and obligations owed by Mr. Mummau to the bank had been fully paid and satisfied. Mr. Mummau did not divest himself of his interest in the real estate, nor did he become the trustee of the property for the bank. *Fellmer v. Gruber*, 261 N.W.2d 173, 174 (Iowa 1978) (citing *H.L. Munn Lumber Co. v. City of Ames*, 176 N.W.2d 813, 817 (Iowa 1970)). Therefore, the Court believes Mr. Mummau still retained an equitable interest in the real estate subject to execution by a judgment creditor.

We find no error in the district court's conclusion Mummau had an equitable interest in the 222 acres, which was subject to Kraus's judgment lien. Additionally, we find Mummau had an equitable real property interest, rather than a personal property interest in the land. For this reason, we reject Mummau's claim the sheriff's sale was invalid due to the failure to appraise the property prior to the sale. *See* Iowa Code § 626.93.

**B.** Mummau claims the issues he raised in his petition to set aside the sheriff's sale are not moot, despite the expiration of the statutory period of redemption. He states there is still a justiciable controversy due to the gross inadequacy of the sale price.

A similar situation was addressed in *Tharp v. Kerr*, 119 N.W. 267, 267 (Iowa 1909), where the plaintiff failed to redeem due to a mistake in the redemption date. The amount paid in the sheriff's sale, the amount of the judgment, was only a small portion of the value of the property. *Tharp*, 119 N.W.

at 268. The Iowa Supreme Court stated, "[I]t has always been held that mere inadequacy of price will not justify an interference by a court of equity within the operation of the statute." *Id.* The court noted the plaintiff did not make an offer or tender of redemption within the statutory one-year period. *Id.* The court stated, "The right to redeem from sheriff's sale is statutory. It must be exercised within the statutory time or the statute must fall into contempt." *Id.* at 269.

Additionally, in *Central State Bank v. Lord*, 215 N.W. 716, 717 (Iowa 1927), after a foreclosure and sheriff's sale of real property, no redemption was made within the statutory period by the defendant, Lord. The Iowa Supreme Court concluded:

> With this view of the situation it must be held that the statutory period of redemption has expired, and it necessarily follows that the primary question involved on this appeal is now moot. The very essence of the case in the court below has vanished, and no act of this court under the circumstances can avail anything to create a restoration of defendant's right of redemption.

*Cent. State Bank*, 215 N.W. at 718.

The district court found the sheriff's sale took place on June 9, 2015. The court stated, "[T]o the extent [Mummau] wished to challenge the right to redemption and whether it exists, the debtor must first deposit the necessary amount with the clerk with an affidavit. That did not take place here; therefore, [Mummau's] right to redeem expired on June 9, 2016." The court concluded Mummau's claims were moot because even if the court set aside the sheriff's sale, Mummau could not redeem the property because the statutory redemption period had passed. *See Northwestern Mut. Life Ins. Co. v. Hansen*, 218 N.W. 502, 505 (Iowa 1928) ("The right of redemption is purely a statutory proceeding,

and the provisions of the statute relative thereto must be strictly complied with.").

We find no error in the district court's conclusion Mummau's claims concerning the adequacy of the sale price were moot, as the one-year statutory redemption period had expired. *See* Iowa Code § 628.3.

We affirm the district court decision granting summary judgment to defendants Kraus and Tschirigi.

**AFFIRMED.**