# IN THE COURT OF APPEALS OF IOWA

No. 21-0183
Filed November 23, 2021

**OLD DOMINION FREIGHT LINE, INC.,**
      Plaintiff-Appellee,

**vs.**

**TDFUEL, LLC,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, DeDra L. Schroeder, Judge.

A party to a contract dispute appeals the grant of summary judgment. Finding the district court correctly granted the motion for summary judgment, we affirm. **AFFIRMED.**

Brian D. Miller of Miller & Miller, P.C., Hampton, for appellant.

Sarah K. Franklin and Kacy Flaherty-Tarpey of Dentons Davis Brown PC, Des Moines, for appellee.

Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**SCHUMACHER, Judge.**

TDFuel, LLC (TDFuel) appeals the district court's grant of summary judgment in favor of Old Dominion Freight Line, Inc. (Old Dominion) in a breach-of-contract action. Because the contract between TDFuel and Old Dominion required TDFuel to inform Old Dominion of the letter from the city concerning an assessment, we affirm.

## I.     Background Facts & Proceedings

TDFuel owned 31.79 acres of land in Clear Lake, Iowa. On January 31, 2019, the City of Clear Lake sent TDFuel a letter detailing the city's intent to improve the street and utilities in the area and pass a resolution of necessity. The letter informed TDFuel the city council would be meeting on February 18, 2019, to discuss the matter. The letter also detailed the preliminary estimates of assessments—the amount property owners would have to pay for the improvements. The city included that a failure to object to the proposal at the meeting would result in the waiver of the objection.

TDFuel and Old Dominion entered into a contract for the purchase of approximately nine acres of land on February 26, 2019. The contract included two provisions at issue on appeal. Section 7(a) states, in relevant part:

> Within 10 days of the Effective Date, Seller shall provide Buyer with copies of any environmental reports, surveys, engineering studies, blue prints, plans and specifications, warranties, service agreements, title reports, title policies, certificates of occupancy, appraisals, restrictions, development guidelines and any other reports or documents affecting the Property which it has access to, or are in its possession or under its control.

The contract also provides, in Section 8(b):

> Seller shall promptly provide Buyer with copies of any notices regarding the Property that are received by Seller between the Effective Date and the Closing Date, and promptly advise Buyer of any matters that are the subject of or may affect Seller's representations and warranties set forth herein.

TDFuel never provided Old Dominion a copy of the January 31 letter from the city.

The real estate sale closed on October 23, 2019. The City of Clear Lake passed the resolution of necessity on December 2, and sent a notice of assessment to Old Dominion on December 17. This letter was the first time that Old Dominion learned of the assessment against the property, which totaled $77,921.75. Old Dominion demanded TDFuel pay the assessment. TDFuel refused. This lawsuit followed soon after. Old Dominion's petition claims TDFuel breached their contract by failing to provide the January 31 letter from the City of Clear Lake.

In November 2020, Old Dominion filed a motion for summary judgment. TDFuel resisted and filed their own motion for summary judgment. The district court granted Old Dominion's motion for summary judgment, finding TDFuel breached the contract. The court separately entered judgment of $76,444 against TDFuel based on the amount of the assessment. TDFuel appeals.

## II.    Standard & Scope of Review

We review the grant of summary judgment for corrections of error at law. *Shriver v. City of Okoboji*, 567 N.W.2d 397, 400 (Iowa 1997). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3). "Our review is accordingly 'limited to whether a genuine issue of material fact exists

and whether the district court correctly applied the law.'" *Linn v. Montgomery*, 903 N.W.2d 337, 342 (Iowa 2017) (quoting *Pillsbury Co. v. Wells Dairy, Inc.*, 752 N.W.2d 430, 434 (Iowa 2008)). We "view the record in the light most favorable to the nonmoving party and will grant that party all reasonable inferences that can be drawn from the record." *Roll v. Newhall*, 888 N.W.2d 422, 425 (Iowa 2016) (quoting *Est. of Gray ex. rel. Gray v. Baldi*, 880 N.W.2d 451, 455 (Iowa 2016)).

## III. Discussion

To begin, both parties informed the district court at the reported summary judgment hearing the lawsuit would be resolved in full under the competing motions. On appeal, TDFuel argues the district court erred in granting summary judgment to Old Dominion based on TDFuel's breach of contract and also asserts the district court should have entered summary judgment in TDFuel's favor, claiming a lack of breach of contract. To establish a breach-of-contract claim, Old Dominion was required to show:

> (1) the existence of a contract; (2) the terms and conditions of the contract; (3) that it has performed all the terms and conditions required under the contract; (4) the defendant's breach of the contract in some particular way; and (5) that plaintiff has suffered damages as a result of the breach.

*Iowa Arboretum, Inc. v. Iowa 4-H Found.*, 886 N.W.2d 695, 706 (Iowa 2016) (quoting *Iowa Mortg. Ctr., L.L.C. v. Baccam*, 841 N.W.2d 107, 110-11 (Iowa 2013)). TDFuel contests only the fourth prong, breach of contract. In particular, TDFuel argues that sections 7(a) and 8(b) of the contract did not require them to turn over the January 31 letter from the city.

Both parties on appeal focus on what "affecting the Property" means under section 7(a). TDFuel contends it means documents *actually* affecting the property,

rather than documents that *may* affect the property in the future. TDFuel further argues the letter merely put the landowners on notice that an assessment may occur to their property and thus did not actually affect the property. Old Dominion asserts the letter did affect the property because it dealt with the potential assessments and informed the owners that a failure to object at the city council meeting would waive a future objection.

When interpreting the meaning of a contract, "the cardinal principle is that the intent of the parties must control, and except in cases of ambiguity, this is determined by what the contract itself says." Iowa R. App. P. 6.904(3)(n). Here, it is clear the parties intended section 7(a) to have an extensive scope. "Affect" is broadly defined, meaning "to act upon; influence; [or] change." *Affect*, Black's Law Dictionary (abr. 6th ed. 1991). The expansive scope is further indicated by the phrase just before "affecting the Property," namely, "and *any other* reports or documents." (Emphasis added.) We review TDFuel's contractual obligations accordingly.

We find section 7(a) required TDFuel to inform Old Dominion about the assessment letter from the city. While TDFuel is correct that the letter and subsequent city council meeting did not firmly impose the assessment, TDFuel was aware the city was considering imposing a significant cost on the landowners.[1] Both the letter and subsequent city council meeting indicated the city planned to approve the assessments. Such a significant cost—nearly $80,000—affects the

---

[1] TDFuel attempts to analogize the issue to the doctrine of ripeness, alleging the letter did not establish a harm capable of redress because it notified TDFuel of merely a proposed assessment. We are not convinced, as the assessment on the property was final at the time of initiation of this action.

property and Old Dominion's obligations stemming from ownership of the land. As a result, TDFuel breached the contract by failing to provide the letter to Old Dominion.

Even if section 7(a) did not require TDFuel to inform Old Dominion about the city's plans, section 8(b) certainly did. TDFuel attempts to limit the scope of that section by noting the receipt of the letter and the city council meeting occurred prior to the effective date of the contract, February 26. While true, the time restraint found in 8(b) only limits TDFuel's obligations in the first clause, not the second. Thus, section 8(b) requires TDFuel to (1) provide Old Dominion with copies of notices regarding the property received within the defined time frame, and (2) "promptly advise" Old Dominion "of any matters that are the subject of or may affect Seller's representations and warranties set forth [in the contract]," regardless of when those matters arise. The burden of paying the nearly $80,000 assessment affects representations and warranties TDFuel made in the contract.

Lastly, TDFuel also argues that the district court should have granted their motion for summary judgment because the contract did not require them to disclose the letter from the city. For the reasons stated herein, TDFuel is not entitled to summary judgment. We find the district court appropriately granted Old Dominion's motion for summary judgment.

**AFFIRMED.**